## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Brian Keith Alford,** | **Case No. 3: 21 CV 1385** |
| **Petitioner,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Ohio Adult Parole Authorities,** *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| **Respondents.** | |

Petitioner Brian Keith Alford, proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1).  Although the factual and legal grounds for his petition are unclear, he represents he is currently a state prisoner incarcerated in the Toledo Correctional Institution serving a sentence imposed in 1984 by the Montgomery County Court of Common Pleas, and that he seeks "immediate release on parole" from this state custody.  (*See id*. at 1, ¶¶ 2, 4; at 8, ¶ 15.)

Promptly after the filing of a habeas petition, the district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (applicable to petitions under §2241 pursuant to Rule 1(b)).  If so, the petition must be summarily dismissed.  *See Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

Upon review, the Court finds that the petition must be dismissed.  Petitioner purports to seek habeas relief pursuant to 28 U.S.C. § 2241, which authorizes district courts to issue a writ of habeas

corpus to a state or federal prisoner who is in custody in violation of the Constitution of law or treaties of the United States.  *See* 28 U.S.C. § 2241(c)(3).  But the Sixth Circuit has made clear that "regardless of the label on the statutory underpinning for [a] petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254."  *Bryd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002).  This is because state habeas petitioners may not avoid the procedural limitations and requirements associated with a § 2254 petition merely by labelling a petition as brought under § 2241.  *Id*.  In particular, habeas petitions under § 2254 are subject to a one-year statute of limitations, limitations on successive petitions, and state-court exhaustion requirements.  *Wood v. Brown*, Case No. 2: 20 CV 12576, 2021 WL 2311930, at *2–4 (E.D. Mich., 2021), citing *White v. Lambert*, 370 F. 3d 1002, 1008 (9th Cir. 2004); overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010).

Accordingly, when a state prisoner seeks habeas relief in district court, "§ 2254 and all associated statutory requirements . . . apply no matter what statutory label the prisoner has given the case.  (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)."  *Greene v. Tennessee Dep't of Corr*., 265 F. 3d 369, 371 (6th Cir. 2001), quoting *Walker v. O'Brien*, 216 F. 3d 626, 633 (7th Cir. 2000).

Here, the petition on its face does not demonstrate a facially valid claim meeting the requirements of § 2254 in connection with petitioner's state custody.

## Conclusion

Accordingly, the § 2241 petition in this matter is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.  This dismissal is without prejudice to petitioner's

re-filing of a facially valid § 2254 petition in connection with his state custody.  The Court further certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**


 s/Pamela A. Barker
PAMELA A. BARKER
Date:   10/15/2021                                                  U. S. DISTRICT JUDGE

3